UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROLAND PELLETIER, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )   1:22-cv-00423-JDL |
| | ) |
| | ) |
| COLLIER COUNTY STATE OF | ) |
| FLORIDA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner filed a petition for a writ of habeas pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Petitioner alleges that he is in custody at the Brevard County Jail in Cocoa, Florida. He is evidently serving a Florida state court sentence.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . ."). Following the required review, I recommend the Court dismiss the matter.

**DISCUSSION**

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. §

2241(a)). This language has been interpreted "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. Because Petitioner is not in custody in this District and because Petitioner does not challenge the validity of a District of Maine conviction, this Court lacks jurisdiction over the petition.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the petition without prejudice. I further recommend that the Court deny a certificate of appealability, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of January, 2023.